An "owner and broker are free to frame their agreement as they see fit and may make the broker's commission dependent upon whatever conditions they agree upon so long as such conditions are not unlawful or contrary to public policy."Mellos v. Silverman, 367 So.2d 1369, 1371 (Ala. 1979). Accord,Kenney v. Clark, 120 Ga. App. 16, 169 S.E.2d 357 (1969). The agreement by the parties in this case stipulated that a commission was due if there was "any sale, agreement to sell, or exchange . . . negotiated during the existence of this contract." In addition, an extension clause provided that a commission was due "if *Page 1138 
within 90 days after the expiration of this contract, a sale is made to any person who was shown the property, or to whom it was presented for sale. . . ." Therefore, regardless of what the general law is concerning a broker's entitlement to commissions, the parties contractually created the above conditions.
Because the sale took place outside the 90-day period provided for in the extension clause, the appellant is entitled to a commission only if the property was sold by virtue of the same "agreement to sell" that was negotiated during the term of the contract. A question of fact existed as to whether the ultimate sale to the Cunninghams was made under the same terms as the earlier agreement. The appellant was not entitled to a commission as a matter of law. The factual dispute was decided adversely to the appellant, and I agree that the judgment is due to be affirmed.